956 F.2d 277
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Russell E. FREEMAN, Plaintiff-Appellant,
v.
Sgt. Judy LINDSEY; Off. Ron Walters; Sgt. Olah Murphy;
Jim Brittain; and Ernie R. Pyle, Defendants-Appellees.
 No. 91-1404.
 United States Court of Appeals, Tenth Circuit.
 Feb. 18, 1992.
 
 Before JOHN P. MOORE, TACHA, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Freeman appeals the dismissal of his 42 U.S.C. § 1983 complaint.
 
 
 3
 Mr. Freeman commenced a pro se civil action against five employees of a Colorado prison. In his complaint, Mr. Freeman alleged he is a state inmate charged with assault against another inmate. He alleged his due process rights were violated during the disciplinary hearing when some of the witnesses against him were allowed to hear the testimony of prior witnesses. Mr. Freeman sought declaratory judgment, injunctive relief, and damages.
 
 
 4
 The district court referred the complaint to a magistrate judge who concluded under Wolff v. McDonnell, 418 U.S. 539 (1974)[1] the complaint failed to state a claim, was frivolous, and should be dismissed. Mr. Freeman filed his objections to the magistrate judge's report. However, the district court agreed with the magistrate judge and dismissed the complaint.
 
 
 5
 Mr. Freeman appeals the dismissal of his complaint pro se. Mr. Freeman asserted before the trial court that eavesdropping by subsequent witnesses upon the testimony of prior witnesses violated his due process rights. On appeal, Mr. Freeman changes his argument and asserts the testimony of the subsequent witnesses was false. We will not consider an argument raised for the first time on appeal. Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989).
 
 
 6
 Second, Mr. Freeman asserts the magistrate judge failed to make findings of fact. The magistrate judge based his conclusions solely upon the allegations set forth in Mr. Freeman's complaint. No findings of fact were made and indeed none could be made. The magistrate judge concluded that even if Mr. Freeman were able to prove each and every fact set forth in his complaint, he would not be entitled to relief. We hold the magistrate judge was correct.
 
 
 7
 Next, Mr. Freeman asserts that because none of the parties moved for summary judgment, his complaint could not be dismissed. Mr. Freeman misperceives the law. A complaint may be dismissed without anyone filing a motion for summary judgment whenever the plaintiff's complaint fails to show he is entitled to relief. Fed.R.Civ.P. 12(b)(6); See Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986).
 
 
 8
 Mr. Freeman's remaining issue, "violations of plaintiff's liberty interests," lacks merit and does not warrant discussion.
 
 
 9
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Wolff holds that due process requires an inmate at a prison disciplinary hearing must be afforded: (a) advance written notice of the charges; (b) an opportunity to call witnesses and present evidence; and (c) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. 418 U.S. at 563-67